**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

STEVEN ABDUL-AZIZ
EL BEY, *also known as*
*Steven L. Smith*,
    Plaintiff,

vs.

THOMAS KEHR, et al.,
    Defendants.

Case No. 1:19-cv-693

Dlott, J.
Bowman, M.J.

**ORDER AND REPORT**
**AND RECOMMENDATION**

Plaintiff, an inmate at the Warren Correctional Institution (WCI), in Lebanon, Ohio, has filed a pro se civil rights complaint against defendants WCI Chaplain Thomas Kehr, WCI Deputy Warden of Special Services Kimberly Mockabee, Religious Service Administrator Mike Davis, WCI Deputy Warden of Special Services Casey Barr, and WCI Warden Shea Harris.[1] (Doc. 1). Plaintiff alleges violations of his rights under the free exercise clause of the First Amendment, the Fourteenth Amendment, and the Religious Land Use and Institutionalized Persons Act (RLUIPA). By separate Order, plaintiff has been granted leave to proceed *in forma pauperis.*

This matter is before the Court for a s*ua sponte* review of the complaint to determine whether the complaint or any portion of it should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. *See* Prison Litigation Reform Act of 1995 § 804, 28 U.S.C. § 1915(e)(2)(B); § 805, 28 U.S.C. § 1915A(b).

In enacting the original *in forma pauperis* statute, Congress recognized that a "litigant

---

[1]Although not named as a defendant in the case caption, plaintiff names Institutional Inspector Cynthia Hill as a defendant in the body of the complaint. (*See, e.g.,* Doc. 1, at PageID 5). For ease of reference, the **Clerk of Court** is **Directed** to update the docket sheet in this case to include Hill as a defendant.

whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez,* 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)). To prevent such abusive litigation, Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if they are satisfied that the action is frivolous or malicious. *Id.*; *see also* 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(1). A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v. Williams,* 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton,* 504 U.S. at 32; *Lawler,* 898 F.2d at 1199. The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328).

Congress also has authorized the *sua sponte* dismissal of complaints that fail to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915 (e)(2)(B)(ii) and 1915A(b)(1). A complaint filed by a *pro se* plaintiff must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)). By the same token, however, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Hill*, 630 F.3d at

470-71 ("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557. The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson*, 551 U.S. at 93 (citations omitted).

Plaintiff alleges that he is a member of the Moorish Science Temple. (*See* Doc. 1, at PageID 2). He contends that between May 12, 2017 and an unspecified time after January 24, 2018, he communicated with defendant Kehr about receiving religious services at WCI in accord with his religious preference of Moorish Science Temple. (Doc. 1, at PageID 2-6). Plaintiff claims that a Moorish Science volunteer provided religious services at WCI on November 22, 2017, but that the volunteer had been approved as a guest only. (Doc. 1, at PageID 4).

During the same time, plaintiff filed an informal complaint requesting religious services, which defendant Mockabee denied. (Doc. 1, at PageID 4). Plaintiff filed a grievance

related to his informal complaint, which defendant Hill denied on November 30, 2017. (Doc. 1, at PageID 4). Plaintiff alleges that he was unable to timely appeal the denial of his grievance because Hill was on vacation and plaintiff did not have the appeal forms. (*See* Doc. 1, at PageID 4-5). Plaintiff asserts that non-defendant Suzanne Evans[2] told plaintiff that his electronic appeal had been improperly filed. (Doc. 1, at PageID 5). Plaintiff alleges that his wife contacted non-defendant Chief Inspector Roger Wilson, who allegedly contacted Hill. (*See* Doc. 1, at PageID 5). Plaintiff asserts that upon her return Hill informed plaintiff that the appeal deadline would not be an issue. (Doc. 1, at PageID 5).

Plaintiff asserts that he submitted a religious accommodation form to defendant Davis, but Davis denied congregate services on January 24, 2018, stating that "the institution currently has an appropriate religious provider for your faith group." (Doc. 1, at PageID 5).

Plaintiff alleges that on February 12, 2018, he received a letter from non-defendant Candace Henry, stating that additional time would be required before a decision could be made concerning his grievance. (Doc. 1, at PageID 6). Plaintiff alleges that he sent a letter requesting additional information, but other than receiving a time-stamped copy of his letter he received no additional information. (Doc. 1, at PageID 6).

Plaintiff sues defendants Kehr and Mockabee in their individual capacities and defendants Davis, Barr, and Harris in their official and individual capacities. (Doc. 1, at PageID 1).[3] Plaintiff seeks monetary, declaratory, and injunctive relief. (Doc. 1, at PageID 7-8).

Liberally construed and without the benefit of briefing by the parties, the complaint is

---

[2] A number of plaintiff's allegations are asserted against non-defendant third parties. To the extent that plaintiff asserts claims against non-defendants, those claims are subject to dismissal.
[3] Plaintiff does not indicate the capacity in which he is suing defendant Hill.

4

deserving of further development and may proceed at this juncture against defendants Kehr and Davis, in their individual capacities, under the free exercise clause of the First Amendment and, to the extent the complaint seeks declaratory and injunctive relief, under RLUIPA. To the extent that plaintiff seeks declaratory and injunctive relief, plaintiff's First Amendment free exercise and RLUIPA claims may also proceed at this juncture against defendant Davis in his official capacity. *See* 28 U.S.C. §§ 1915(e)(2)(B) & 1915A(b). However, plaintiff's remaining claims should be dismissed for failure to state a claim upon which relief may be granted.

First, plaintiff's claims against any defendant in his or her official capacity must be dismissed to the extent that plaintiff seeks monetary damages. Absent an express waiver, a state is immune from damage suits under the Eleventh Amendment. *P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy*, 506 U.S. 139 (1993); *Edelman v. Jordan*, 415 U.S. 651 (1974). An action against a state official in his or her official capacity is the equivalent of an action against the State he or she represents. *Hafer v. Melo*, 502 U.S. 21, 25 (1991); *Will v. Michigan Dep't. of State Police*, 491 U.S. 58, 70-71 (1989). Therefore, all the individual defendants in their official capacities are immune from suit to the extent that plaintiff seeks monetary damages.

Next, plaintiff's claims against any defendant under RLUIPA should be dismissed to the extent plaintiff seeks monetary damages because there is no cause of action for damages under RLUIPA. *See Hendricks v. Aramark, Inc.*, No. 2:14-cv-2015, 2015 WL 1809361, at *4 (S.D. Ohio Apr. 21, 2015) (citing cases).

Plaintiff's claims against defendants Mockabee and Hill should be also dismissed. Plaintiff seeks to hold these defendants liable based on their alleged handling of his grievances. However, "[a] prisoner does not have a constitutionally protected right to an effective grievance procedure." *Valladolid v. Mich. Dep't of Corr.*, No. 15-1930, 2017 WL 3528221, at *3 (6th Cir.

5

Feb. 14, 2017) (citing *Hewitt v. Helms*, 459 U.S. 460, 467 (1983), *abrogated on other grounds by Sandin v. Conner*, 515 U.S. 472 (1995); *Argue v. Hofmeyer*, 80 F. App'x 427, 430 (6th Cir. 2003)). *See also Greenberg v. Hill*, No. 2:07-cv-1076, 2009 WL 890521, at *3 (S.D. Ohio Mar. 31, 2009) ("In order to establish liability under RLUIPA (and section 1983), a plaintiff must prove, among other things, the personal involvement of each defendant in the alleged violation.").

Plaintiff's claims against defendants Barr and Harris are also subject to dismissal. Plaintiff does not provide a factual predicate for his otherwise conclusory allegations in his "Claims for Relief" that Barr failed to "take disciplinary or other action to curb the known pattern of discriminatory; prejudicial actions of chaplain Kehr" and Harris upheld Davis's "discriminatory and prejudicial" decision. (Doc. 1, at PageID 6-7). Plaintiff's claims against these defendants amount to mere conclusory assertions. *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555.

Additionally, to the extent Plaintiff alleges that he and other inmate-members of the Moorish Science Temple were not notified of the November 22, 2017 Moorish Science Temple meeting until November 20, 2017 and that there was no institutional notice of the meeting (Doc. 1, at PageID 4), plaintiff does not claim to be an attorney and thus cannot represent other inmates in court. *See* 28 U.S.C. § 1654; *Eagle Assoc. v. Bank of Montreal*, 926 F.2d 1305, 1308 (2d Cir. 1991). Any claims brought by plaintiff on behalf of other inmates should be dismissed. Further, to the extent that plaintiff attempts to raise a due process claim based on these allegations, the Fourteenth Amendment is not the proper basis for a First Amendment claim. *See Luther v. White*, No. 5:17-cv-138, 2019 WL 4918770, at *2 (W.D. Ky. Oct. 4, 2019) (finding that plaintiff's Fourteenth Amendment religious freedom claim was "better analyzed under the

explicit protection of the First Amendment"); *Strickland v. Godinez*, No. 14-cv-962, 2014 WL 4979822, at *3 (S.D. Ill. Oct. 6, 2014) ("It appears that Plaintiff is merely attempting to attach additional labels to a single claim—his First Amendment claim.").

Finally, to the extent that plaintiff also intends to raise an Eighth Amendment claim (*see* Doc. 1, at PageID 6-7), he has failed to state a claim upon which relief may be granted. "To prove an Eighth Amendment violation, an inmate must show that he has been deprived of the minimum civilized measures of life's necessities." *Estep v. Million*, No. 98-6322, 1999 WL 776202, at *1 (6th Cir. Sept. 24, 1999) (citing *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)). Plaintiff fails to present facts from which the Court can infer that plaintiff was deprived of the minimum civilized measures of life's necessities. *See Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555, 557.

Accordingly, in sum, the complaint may proceed at this juncture against defendants Kehr and Davis, in their individual capacities, under the free exercise clause of the First Amendment and, to the extent the complaint seeks declaratory and injunctive relief, under RLUIPA. To the extent that plaintiff seeks declaratory and injunctive relief, plaintiff's First Amendment free exercise and RLUIPA claims may also proceed at this juncture against defendant Davis in his official capacity. *See* 28 U.S.C. §§ 1915(e)(2)(B) & 1915A(b). Having found that the remaining allegations in the complaint fail to state a claim upon which relief may be granted, plaintiff's remaining claims should be dismissed.

However, plaintiff has failed to provide service copies, summons, or United States Marshal forms so that service may be issued on defendants Kehr and Davis. Plaintiff is therefore **ORDERED** to submit a service copy of the complaint, a summons form, and a United States Marshal form for defendants Kehr and Davis **within thirty (30) days** of the date of this Order.

Plaintiff is advised that failure to comply with this Order may result in the dismissal of this action for want of prosecution.

## IT IS THEREFORE RECOMMENDED THAT:

The complaint (Doc. 1) be **DISMISSED with prejudice** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1), with the exception of plaintiff's individual capacity First Amendment free exercise claim against defendants Kehr and Davis, plaintiff's official capacity First Amendment free exercise claim for declaratory and injunctive relief against defendant Davis, and plaintiff's RLUIPA claim for declaratory and injunctive relief against defendants Kehr and Davis.

## IT IS THEREFORE ORDERED THAT:

1. Within **thirty (30) days** of receipt of this Order, plaintiff is **ORDERED** to submit service copies of the complaint, as well as completed summons and United States Marshal forms for defendants Kehr and Davis.

2. The **Clerk of Court** is **DIRECTED** to send to plaintiff a copy of the complaint, a summons form, and a United States Marshal form for this purpose. Upon receipt of the service copies and completed summons and United States Marshal forms, the Court shall order service of process by the United States Marshal in this case.

*s/Stephanie K. Bowman*  
Stephanie K. Bowman  
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

STEVEN ABDUL-AZIZ
EL BEY, *also known as*
*Steven L. Smith*,
    Plaintiff,

vs.

THOMAS KEHR, et al.,
    Defendants.

Case No. 1:19-cv-693

Dlott, J.
Bowman, M.J.

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).