IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| Steven Abdul-Azziz El Bey, | : | Case No. 1:19-cv-693 |
| | : | |
| Plaintiff, | : | Judge Susan J. Dlott |
| | : | |
| v. | : | Order Adopting Amended Report and |
| | : | Recommendation and |
| Thomas Kehr, *et al.*, | : | Granting Summary Judgment to |
| | : | Defendants |
| Defendants. | : | |

Plaintiff Steven Abdul-Azziz El Bey alleges that state prison officials have violated the Constitution and the Religious Land Use and Institutionalized Persons Act ("RLUIPA") by denying him the right to participate in congregate religious services with his faith group. (Doc. 1.) Defendants have moved for summary judgment. (Doc. 15.) On February 15, 2023, Magistrate Judge Stephanie K. Bowman issued an Amended Report and Recommendation ("Amended R&R") recommending the Court to grant summary judgment to Defendants. (Doc. 45.) Plaintiff filed Objections to the Amended R&R, and Defendants filed a Memorandum in Response opposing the Objections. (Docs. 47, 48.)[1] For the reasons that follow, the Court will **ADOPT** the Amended R&R and **GRANT** Defendants' Motion for Summary Judgment.

I.   **BACKGROUND**

Plaintiff currently is a State of Ohio inmate at the Allen Oakwood Correctional Institution ("Allen Oakwood CI"). Prior to June 2021, Plaintiff was incarcerated at the Warren Correctional Institution ("Warren CI"). Defendant Thomas Kehr is the chaplain employed by Warren CI.

---

[1] On April 24, 2023, the Clerk of Court filed two substantively identical—though with minor differences in fonts and pagination—versions of a pleading entitled Writ of Declaratory Judgement mailed to the Clerk by Plaintiff. Unexpectedly, the mailings appear to have been sent via Priority Mail from the U.S. Postal Service in Rockledge, Florida. The Court construes the filings to be supplemental briefs in support of Plaintiff's Objections, but the filings are untimely. The Court will not grant any relief to Plaintiff based on the Writs of Declaratory Judgement.

Defendant Mike Davis is the religious services administrator for the Ohio Department of Rehabilitation and Corrections ("ODRC").

On August 18, 2019, Plaintiff initiated this action by filing a *pro se* Complaint against five individuals employed by Warren CI or the ODRC for violation of religious rights under the Constitution and RLUIPA. (Doc. 1.) Plaintiff alleged that prison officials denied his requests to engage in congregate worship services at Warren CI with other members of the Moorish Science Temple of America ("MSTA"). The Magistrate Judge conducted a *sua sponte* review of the Complaint to determine whether any portion of it should be dismissed as frivolous, malicious, or failing to state a claim for relief pursuant to the Prison Litigation Reform Act of 1995, 28 U.S.C §§ 1915(e)(2)(B) and 1915A(b). (Doc. 6.) She recommended dismissing all claims except for the First Amendment free exercise claim against Defendants Kehr and Davis in their individual capacities, the First Amendment free exercise claim against Defendant Davis in his official capacity for declaratory and injunctive relief, and the RLUIPA claim against Defendants Kehr and Davis for declaratory and injunctive relief. (*Id.* at PageID 36.) The Court issued an Order adopting the Magistrate Judge's recommendation. (Doc. 11 at PageID 57–58.)

Following a discovery period, on November 20, 2020, Defendants moved for summary judgment on the remaining claims. (Doc. 15.) Plaintiff opposed their motion. (Doc. 18.) The Magistrate Judge issued the initial Report and Recommendation ("R&R") on September 20, 2021 in which she recommended that summary judgment be granted to Defendants. (Doc. 22.) Plaintiff filed Objections to the R&R to which Defendants responded in opposition. (Docs. 29, 30.) Then, on May 5, 2022, the Court issued an Order setting aside the R&R. (Doc. 31.) The Court found that that the parties had not adequately addressed the fact that the Plaintiff was no longer housed at Warren CI and had not introduced sufficient admissible evidence about

relationship between MSTA and Islam or about the administrative burdens imposed by holding MSTA congregate services. Additionally, the Court advised Plaintiff that any declarations of fact that he intended to offer as evidence had to comply with the requirements of 28 U.S.C. § 1746.

Following the Court's May 5, 2022 Order, the Magistrate Judge authorized an additional period of discovery followed by supplemental briefing. Defendants timely filed their Supplemental Motion for Summary Judgment with supporting exhibits on October 4, 2022. (Doc. 41.) Plaintiff mailed his Supplemental Brief, which was received the Clerk of Court and filed on October 17, 2022. (Doc. 42.) Plaintiff did not timely file factual declarations or any other new evidence.[2]

Finally, on February 15, 2023, the Magistrate Judge filed the pending Amended R&R again recommending that the Court grant summary judgment to Defendants. Plaintiff then filed his Objections to the Amended R&R, to which Defendants filed a Memorandum in Response.

## II. STANDARDS OF LAW

Federal Rule of Civil Procedure 56 governs motions for summary judgment. Summary judgment is appropriate if "there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant has the burden to show that no genuine issues of material fact are in dispute. *See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 585–587 (1986); *Provenzano v. LCI Holdings, Inc.*, 663 F.3d 806, 811 (6th Cir. 2011). The movant may support a motion for summary judgment with affidavits or other proof or by exposing the lack of evidence on an issue for which the nonmoving party will bear the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317,

---

[2] Plaintiff attempted to file "Affidavits of Fact" by three inmates, but they were dated and filed approximately one month after the deadline. (Doc. 43.) The Magistrate Judge struck the untimely filing. (Doc. 46.)

322–324 (1986). In responding to a summary judgment motion, the nonmoving party may not rest upon the pleadings but must "present affirmative evidence in order to defeat a properly supported motion for summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 257 (1986).

Magistrate judges are authorized to decide dispositive and non-dispositive matters pursuant to 28 U.S.C. § 636 and Rule 72 of the Federal Rules of Civil Procedure. The district judge must conduct a de novo review of a magistrate judge's recommendation on a dispositive motion when an objection is filed. *Baker v. Peterson*, 67 F. App'x 308, 310 (6th Cir. 2003). "[T]he district court need not provide de novo review where the objections are frivolous, conclusive or general." *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam) (cleaned up). Additionally, de novo review applies only to matters involving disputed facts. *Id.*

### III. ANALYSIS

The Court will adopt the well-reasoned and thorough Amended R&R for the reasons stated therein. The Court agrees with the Magistrate Judge's conclusion that Plaintiff's Complaint can be fairly read to assert only claims regarding his time as an inmate at Warren CI. Plaintiff did not present evidence nor move to amend his Complaint to allege that he was denied the right to attend MSTA congregate services at Allen Oakwood CI. He also has not presented evidence or alleged that he suffered a continuing effect from the denial of MSTA services at Warren CI after he was transferred from Warren CI. Accordingly, and as determined by the Magistrate Judge, Plaintiff's RLUIPA and First Amendment claims for declaratory and injunctive relief to attend MSTA congregate services at Warren CI are moot because he is no longer an inmate at Warren CI. *See, e.g., Colvin v. Caruso*, 605 F.3d 282, 289 (6th Cir. 2010) (finding that inmate's RLUIPA claims and other claims for injunctive relief were moot after his

4

transfer to a different facility); *Pleasant-Bey v. Shelby Cnty.*, No. 18-6063, 2019 WL 11769343, at *3 (6th Cir. Nov. 7, 2019) ("Pleasant-Bey's request for injunctive relief [under the RLUIPA] became moot once he was transferred from the Jail.")

As for Plaintiff's First Amendment free exercise claim against Defendants Kehr and Davis in their individual capacities for monetary damages, the Magistrate Judge first found that Plaintiff satisfied his threshold burden to show that Warren CI "burdened his sincere religious practice pursuant to a policy that is not 'neutral' or 'generally applicable.'" *Kennedy v. Bremerton Sch. Dist.*, 142 S. Ct. 2407, 2422 (2022) (citation omitted). She then concluded that Warren CI's policy in favor of Muslim catchment congregate services rather than sectarian MSTA congregate services was valid because it was "reasonably related to legitimate penological interests." *Turner v. Safley*, 482 U.S. 78, 89 (1987) ("[W]hen a prison regulation impinges on inmates' constitutional rights, the regulation is valid if it is reasonably related to legitimate penological interests.") She further held that Plaintiff had not met his burden to disprove the validity of the prison regulations. *See Overton v. Bazzetta*, 539 U.S. 126, 132 (2003) ("The burden, moreover, is not on the State to prove the validity of prison regulations but on the prisoner to disprove it."). Finally, she concluded that Defendants Kehr and Davis were entitled to qualified immunity because neither the Supreme Court nor the Sixth Circuit has held that providing generic congregate religious services in the prisons, rather than sectarian services, based upon valid penological goals, violates the Free Exercise Clause of the First Amendment. This Court agrees with her analysis.

Plaintiff's objections to the Amended R&R do not withstand scrutiny. First, Plaintiff makes several objections about the phrases and terminology used by the Magistrate Judge to describe Plaintiff's claims. These objections are frivolous and immaterial. The Magistrate Judge

5

reasonably summarized and explained Plaintiff's claims and legal arguments.

Plaintiff also objects to the Magistrate Judge's refusal to consider Plaintiff's Supplemental Brief (Doc. 42) to itself be a sworn declaration of facts admissible as evidence at this summary judgment stage. (Doc. 47 at PageID 628, 632–636.) The Court previously advised Plaintiff that statements of fact that he submitted—whether his own declaration or from other witnesses—had to signed, dated, and made under penalty of perjury in accord with 28 U.S.C. § 1746. (Doc. 31 at PageID 298.) The Court agrees with the Magistrate Judge that Plaintiff's Supplemental Brief does not qualify as either an affidavit or a declaration in compliance with § 1746. It would be exceedingly difficult and burdensome, if not impossible, to parcel out individual facts based on Plaintiff's personal knowledge from the legal arguments, hearsay statements, purported summaries of scholarly material, and statements of religious belief contained in Plaintiff's Supplemental Brief. Plaintiff's Objections brief, likewise, does not contain admissible evidence for the same reasons.

Next, Plaintiff objects that the Magistrate Judge erred in finding no material facts in dispute. He listed seven purportedly disputed facts in his brief, but those facts are either not disputed or not material. (Doc. 47 at PageID 638–640.) There is no material dispute that Plaintiff made several requests for sectarian MSTA religious services at Warren CI and that Defendants denied those requests. The issue is whether the denial of his requests constituted an unconstitutional violation of his right to free exercise of religion.

Plaintiff also objects to the Magistrate Judge's conclusion that Plaintiff's practice of his MSTA faith was not substantially burdened by the decision to limit congregate services at Warren CI to the broader Muslim catchment. The Magistrate Judge based her conclusion on the Declaration of Defendant Davis, the religious services administrator for the ODRC; the

6

Declaration of Imam Yahya A. Hansbhai, the Imam at Warren CI since 2014; the Divine Constitution of Moorish America; and Plaintiff's own statement that he is "Moslem." (Doc. 45 at PageID 609–610.) In so concluding, the Magistrate Judge did not deny, but rather acknowledged, theological differences between MSTA and the broader Muslim faith, such as the MSTA belief in the Prophet Noble Drew Ali. (*Id.*) Most significantly, the Magistrate Judge's conclusion on this issue was dicta, not the basis upon which the Magistrate Judge recommended granting summary judgment. (Doc. 45 at PageID 609–610.) Rather, the Magistrate Judge recommended granting summary judgment based upon application of the *Turner* four-factor test. The Court adopts the Magistrate Judge's analysis of the *Turner* factors.

In sum, the Court has reviewed the Amended R&R and Plaintiff's Objections de novo. The Court agrees with the Magistrate Judge's well-reasoned conclusion that Defendants Kehr and Davis are entitled to summary judgment.

## IV. CONCLUSION

For these reasons, the Amended Report and Recommendation (Doc. 45) is **ADOPTED** and Defendants' Motion for Summary Judgment (Doc. 15) is **GRANTED**.

**IT IS SO ORDERED.**

                BY THE COURT:

                S/Susan J. Dlott
                Susan J. Dlott
                United States District Judge